IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN ROSSIN, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 05-2650 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| | : | |

MEMORANDUM ORDER

Tucker, J.                                                                                                                    February 22, 2007

Presently before this Court is Petitioner Warren Rossin's Habeas Corpus Petition to Vacate/Set Aside/Correct Sentence Pursuant to U.S.C. § 2255 (Doc. 223), and the Government's Memorandum in Opposition (Doc. 232). Petitioner claims: 1) ineffective assistance of counsel that resulted in Petitioner making a guilty plea based on improper advice; 2) violation of his due process rights since his Texas state conviction, which served as a basis to enhance his sentence, has been dismissed; and 3) that he was sentenced in violation of United States v. Booker, 543 U.S. 220 (2005). Petitioner also requests an evidentiary hearing.

This Court will deny Petitioner's Habeas Corpus Motion for three reasons. First, Petitioner's ineffective assistance of counsel argument does not satisfy the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984), and his sworn testimony shows that he knowingly and voluntarily pled guilty. Second, Petitioner's Texas conviction was vacated for reasons other than innocence or legal error, and therefore this court is not required to re-sentence him. Finally, Petitioner may not avail himself of Booker because he was sentenced before Booker, which does not apply retroactively. United States v. Lloyd, 407 F.3d 608, 610 (3d Cir. 2005), cert. denied, 126 S. Ct. 288 (2005). Additionally, this court will deny Petitioner's request for an evidentiary hearing as his claims lack merit. Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir.

1988), cert. denied, 500 U.S. 954 (1991).

**BACKGROUND**

On September 20, 2001, a federal grand jury in the Eastern District of Pennsylvania indicted Warren Rossin and three others for participating in a conspiracy to distribute more than one thousand kilograms of marijuana in violation of 21 U.S.C. § 846.  The indictment also charged that Rossin was arrested on February 20, 1996 and subsequently convicted in Texas on a felony drug offense for which he was serving an eight-year term of probation.  On January 17, 2001, the government informed Mr. Rossin that if he was convicted of the marijuana trafficking charges, it would seek an enhancement of the penalty to the mandatory minimum of twenty (20) years given his prior offense in Texas.

Mr. Rossin pled guilty on January 26, 2001 and conceded that he distributed between one thousand and three thousand kilograms of marijuana and  he should have a three (3) level increase because he was a manager of the criminal activity.  Additionally he conceded that his sentence may be enhanced based on the Texas conviction. (Guilty Plea Hearing 8, 9, 18.) Mr. Rossin, also answered affirmatively to all questions in the guilty plea colloquy conducted by this Court.

Thereafter, on July 31, 2002, after hearing testimony from Mr. Rossin, this Court found that Mr. Rossin had breached his cooperation guilty plea agreement by sending threatening letters to other witnesses, failing to provide information to the government regarding an additional co-conspirator, and making threatening statements about the government prosecutor.  Mr. Rossin sought to withdraw his guilty plea claiming that William Cannon, his attorney, instructed him to answer affirmatively to all questions  in the guilty plea colloquy and that he would take care of everything.  However, the Court found that Mr. Rossin understood his guilty plea and that the government had not acted in bad faith by not filing a motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Accordingly, the Court determined that Mr. Rossin's offense level was thirty-seven (37) pursuant to

U.S.S.G. § 2D1.1(c)(4), with a three (3) level enhancement for his leadership role, a two (2) level enhancement for the threatening letters, and a Criminal History Category of II based on his Texas charges.  The guideline range was 235 to 293 months, and this Court sentenced Mr. Rossin to 240 months based on the mandatory minimum and the Sentencing Guidelines.

Rossin appealed his sentence claiming that his prior state conviction was not final.  This Court denied his appeal.  (Resp't Mem. Opp. 4.)  The Third Circuit affirmed the denial.  United States v. Rossin, 80 Fed. Appx. 790 (3d Cir. 2003).  On February 2, 2004, the Texas Court granted the Texas State Attorney's motion to dismiss the indictment because Mr. Rossin was sixty-five years old with "debilitating health problems [and] serving a twenty-year sentence in a federal penitentiary."  (Resp't Mem. Opp., Ex. 2 Motion to Dismiss.)  Mr. Rossin filed this Habeas Motion on June 3, 2005.[1]

## DISCUSSION

This Court will deny Petitioner's Habeas Corpus Motion.  Petitioner has failed to prove ineffective assistance of counsel under the standard set forth in Strickland.  Further, Petitioner has failed to prove that, given the dismissal of the Texas conviction, a due process violation will result if he is not re-sentenced.  Finally, Petitioner has failed to prove that he may avail himself of Booker, which was decided before his conviction became final.  The Court will also deny Petitioner's request for an evidentiary hearing.

### A. Ineffective Assistance of Counsel

Mr. Rossin alleges that he received ineffective assistance of counsel from William Cannon, Esq., his attorney when he entered the guilty plea, because Cannon advised him to answer in the affirmative to the questions posed during the Court's guilty plea colloquy and that Cannon would take

---

[1] Rossin refiled with the correct form on September 14, 2005.

care of everything. However, the Government maintains, and this Court agrees, that Mr. Rossin has not satisfied the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and that he voluntarily entered the guilty plea.

In Strickland, the Supreme Court of the United States held that, in order for a defendant to prove ineffective assistance of counsel, he must satisfy a two (2) part test. 466 U.S. at 687. First, the defendant must show that his counsel's performance was deficient such that the attorney was not functioning as is required by the Sixth Amendment right to counsel. Id. Second, the deficient performance must prejudice the defense and as a result, the defendant must have been deprived of a fair trial. Id.

Mr. Rossin stated at the guilty plea hearing that no other promises had been made to induce him to plead guilty, that he had not been forced to plead guilty, that he understood the possible consequences of a guilty plea, and that he did not have to plead guilty. (Guilty Plea Hearing 9, 10, 12-14.) Further, the Assistant United States Attorney read the facts to which Mr. Rossin was pleading guilty, and Mr. Rossin had no comment or question in response.[2] Accordingly, the Court accepted the guilty plea and found that it was a knowing and voluntary plea.

This Court found that Mr. Rossin understood the terms of the guilty plea. (Sentencing Hearing 89-90.) Additionally, Mr. Cannon has submitted a declaration under penalty of perjury confirming that he fully informed Mr. Rossin of the terms and consequences of his guilty plea and that he did not promise that the government would file a motion for a downward departure. (Resp't Mem. Opp. 13, Ex. 3.) As such, Mr. Rossin has not shown that his counsel's performance was deficient and therefore, he has not met the Strickland test for ineffective assistance of counsel. Rather, this Court is satisfied

---

[2] Mr Rossin only questioned how much money, Mr. Zanaras, a co-conspirator had spent in connection with their crimes. (Guilty Plea Hearing 15-17).

that Mr. Cannon performed as required by the Sixth Amendment and Mr. Rossin voluntarily and knowingly entered a guilty plea.

**B. Due Process Violation based on Dismissal of Texas Conviction**

Petitioner maintains that he was sentenced pursuant to an enhancement for his prior state felony conviction in Texas. Since that conviction was subsequently dismissed, Petitioner alleges that, if he is not re-sentenced, a violation of his right to due process will result. (Petr.'s Mot. 6.) The government, however, maintains that since the conviction was dismissed for reasons other than innocence or legal error, the court is not required to grant a re-sentencing. (Resp't Mem. Opp. 15-16.) This Court agrees.

A petitioner may challenge his federal sentence pursuant to 28 U.S.C. § 2255 when a state conviction that was used to enhance petitioner's federal sentence has been subsequently vacated. Johnson v. United States, 544 U.S. 295, 302-304 (2005); Custis v. United States, 511 U.S. 485, 487 (1994); United States v. Escobales, 218 F.3d 259, 261 (3d Cir. 2000). The Sentencing Guidelines explain that a sentence resulting from convictions that were set aside for reasons unrelated to innocence or errors of law are to be counted in the criminal history score. Application Note 10 to U.S.S.G. § 4A1.2. However, "sentences resulting from convictions that . . . have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant . . . are not to be counted . . . ." U.S.S.G. § 4A1.2 Application Note 6. Nonetheless, "the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to § 4A1.3." Id. In calculating the criminal history category, the court may consider giving an upward departure for "prior similar adult criminal conduct not resulting in a conviction." U.S.S.G. § 4A1.3(a)(2)(E).

In determining the amount of the upward departure, the court is to consider the "criminal

5

history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." Id. at § 4A1.3(a)(4)(A).  See United States. v. Dubovsky, 279 F.3d 5, 8-10, n.5 (1st Cir. 2002) (citing a general recognition by the Second, Fifth, Ninth, Tenth and D.C. Circuits that a conviction is treated as expunged for Sentencing Guideline purposes when set aside for reasons of legal error or innocence).  Further, the Supreme Court has held that a sentencing error is harmless where the "error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).

In this instance, Mr. Rossin's Texas indictment was dismissed because he was sixty-five years old, in poor health, and would be serving a twenty (20) year sentence in a federal detention center. (Resp't Mem. Opp., Ex. 2.)  The likelihood of Mr. Rossin living another twenty (20) years was minimal, and Texas chose not to expend resources in pursuing his case.  It is apparent that Mr. Rossin's Texas indictment was not vacated because of errors of law or innocence.  It would therefore wholly be improper for this Court to re-sentence Mr. Rossin on the basis of the Texas dismissal given that his federal sentence was the very reason for that dismissal.

Moreover, even if the Texas conviction were not counted in Mr. Rossin's criminal history score, the underlying criminal conduct would still be considered.  As a result, the Court would nevertheless apply the comparable criminal history category for such conduct.  Thus, although upon review this Court finds no sentencing error was committed, since Mr. Rossin's sentence would have been the same notwithstanding the Texas conviction, any alleged error is harmless.[3]

---

[3] It is worth noting that Mr. Rossin had a base offense level of thirty-two because of his conviction under 21 U.S.C. § 846 for conspiracy to distribute over one thousand kilograms of marijuana.  He then received a level three adjustment for his leadership role and a level two adjustment for obstruction of justice, which totals thirty-seven for a guideline range of 235-293 months with a criminal history category of II. U.S.S.G. § 5A. If Mr. Rossin had no prior criminal history, the sentencing guideline range would have been 210-262 months.  Therefore, when this Court sentenced Petitioner to 240 months, it was within the appropriate range even without the Texas state conviction.

### C. Application of the Sentencing Guidelines under Booker

Mr. Rossin alleges that the Court violated Booker by applying the Sentencing Guidelines as mandatory rather than advisory, and as a result his sentence was neither fair nor reasonable. (Petr.'s Mot. 7.) This Court disagrees.

Pursuant to 28 U.S.C. § 2255, a petitioner must file the motion within one (1) year of his or her judgment of conviction or within one (1) year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Mr. Rossin entered a guilty plea on January 26, 2001. He then filed a petition for rehearing on February 24, 2004 because his Texas conviction had been dismissed. The Third Circuit denied that petition on March 8, 2004. On June 6, 2004, pursuant to United States v. Wall, 456 F.3d 316, 319 (3d Cir. 2006), Mr. Rossin's conviction became final.

Booker was decided on January 12, 2005, approximately six months after Mr. Rossin's conviction became final. 543 U.S. 220. The Third Circuit definitively held in Lloyd that Booker does not apply retroactively to cases on collateral review. 407 F.3d at 610. As such, because Booker was decided after Mr. Rossin's conviction became final, Mr. Rossin cannot avail himself of Booker and this Court will deny his motion.

### CONCLUSION

For foregoing reasons, this Court will deny Petitioner Warren Rossin's Habeas Corpus Motion without an evidentiary hearing.